## Noland v. Noland

*Frank Zal*, for plaintiff.

*Michael J. O'Donoghue*, for defendant.

CRUMLISH, J., November 22, 1949.—Defendant has filed a petition and rule to show cause why this case should not be listed on the next equity trial list. Palma Noland filed her complaint in divorce on October 1, 1948. The answer was filed nunc pro tunc on April

6, 1949. A rule for alimony was made absolute on July 18, 1949, and on September 26, 1949, the court discharged defendant's petition and rule for a jury trial. Up until the present time neither party has moved for the appointment of a master, the next step in the proceedings.

Petitioner avers that he has repeatedly requested plaintiff to file a motion for the appointment of a master, but, even though she is financially able, she has refused to do so. Further, defendant avers that he has no money and that the delay is making him nervous and aggravating the malaria he suffers from recurrently ever since his Marine service in the Pacific. Defendant also alleges that the financial and nervous strain occasioned by the delay makes it impossible to care for the property at 2539 West Oakdale Street, Philadelphia, concerning which a bill in equity is now pending. Denying that defendant is in the sad financial state he pictures, plaintiff, in her answer to the petition, avers that she is the penniless one. Plaintiff alleges that petitioner has been living in the property at 2539 West Oakdale Street, Philadelphia, rent free ever since he took the premises from plaintiff against her wishes on April 20, 1949.

Pa. R. C. P. 1133(*a*) provides:

"After the action is at issue, the court shall hear the testimony, or upon its own motion or the motion of either party may appoint a master to hear the testimony and return the record and a transcript of the testimony to the court, together with his report and recommendation."

C. P. Rule 1133*(1) provides for a hearing by the court and C. P. Rule 1133*(2)(*a*) provides that:

"The court, upon motion, will appoint a master, who shall be a member of the Bar. . . . The court may, in its discretion, at any time after the appoint-

ment of a master, recall the case for trial by the court."

C. P. 1133*(2) (*b*) further provides: ". . . The sum of $125 shall be deposited with the prothonotary when the appointment of a master is made . . ."

Depositions were taken June 18, 1949, and June 29, 1949, which show that the present average take home pay of petitioner is $44.61 and of plaintiff $37. Plaintiff receives $6 weekly alimony from petitioner. Both parties are steadily employed with substantial companies. They both appear, from the testimony of their budgeting, good managers. Petitioner has extensive credit. Plaintiff has a savings account and defendant is able to meet a number of weekly payments on luxuries, including an expensive television set. Petitioner's theory is that plaintiff's averments in her answer amount to an affidavit of poverty and justify a proceeding in the nature of in forma pauperis. True, listing the case for trial would, in effect, be giving the parties the advantage of an in forma pauperis proceeding, but neither party is entitled to such action. The purpose of an in forma pauperis proceeding is to give "every man for an injury done him in his lands, goods, person, or reputation . . . remedy by due course of law . . .": Pennsylvania Constitution, sect. 11, art. I. See Willis v. Willis, 20 Dist. R. 720 (1910). The privilege, however, will, as a general rule, be extended to any person who can show that he has a good cause of action and from extreme poverty is unable to meet the expense of the suit: 15 C. J. 233. What constitutes a pauper was considered in Wendell v Simpson et al, 7 W. N. C. 31 (1879). It was there held:

"It would seem when poverty is made the test of inability, and the character of that poverty is to be determined by judicial discretion, that no harm can or will follow."

In Eakert v. McCord, 21 Pa. C. C. 333 (1898), it was held:

"The decree (sic) of poverty to entitle a person to sue in forma pauperis, is not defined in said Act (11 Henry VII, C. 12), and therefore must be left in the sound discretion of the court, under the facts and circumstances of the case."

Here the circumstances of the parties do not warrant a departure from the normal procedure merely to lighten the burden of costs.

The usual procedure is for plaintiff to apply for the appointment of a master and at the same time to deposit the sum required with the prothonotary. Since the master's fee is recognized as part of the costs of a divorce proceeding, there is nothing to prevent an impecunious wife plaintiff from petitioning the court for an allowance thereof. If wife plaintiff does not care to apply for the appointment of a master and deposit the master's fee with the prothonotary, as in the instant case, there is no reason why petitioner should not move for the appointment of a master and deposit the required $125 with the prothonotary. Pa. R. C. P. 1133(a) permits *either party* to move for the appointment of a master. Petitioner's only concern, we take it, is in securing a decision favorable to the continuance of the marital status. Of course this status is not being impaired by wife plaintiff's failure to proceed, but if petitioner desires speed and a determination of the litigation in order to remove his anxiety and the aggravation of his physical and financial ills, there is nothing to prevent his depositing the master's fee with the prothonotary and applying for the appointment under Pa. R. C. P. 1133(a).

To put the present case on the trial list would require the court to exercise discretion in following Pa. R. C. P. 1133(a). It may be observed that the wording of Pa. R. C. P. 1133(a): "after the action is at

issue, the court shall hear the testimony . . ." does not mean that it is mandatory for the court to hear divorce cases. The rule merely works a change in procedure. Under the prior practice, the court could hear testimony upon proof of personal service of the subpœna before its return day. Now a hearing may not be had "until (1) after an answer has been filed, or (2) twenty days after personal service on the defendant if no answer has been filed or (3) 20 days after the appearance of the last publication if no answer was filed and service was by publication". See Goodrich-Amram Commentary on Pa. R. C. P. 1133(*a*), page 45, Actions at Law.

Accordingly, defendant's petition and rule to show cause are dismissed.